IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LORENZO CECIL GRAVES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-24 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is LORENZO CECIL GRAVES' Petition for a Writ of Habeas Corpus by a Person in State Custody. For the following reasons, the Court recommends respondent's motion should be granted and petitioner's habeas application should be DISMISSED as time-barred.

I.
STATEMENT OF THE CASE

In July 2012, petitioner was charged by Indictment in Randall County, Texas, with the offense of continuous sexual abuse of a child. *State v. Graves*, No. 23,535-A. The Indictment alleged petitioner, from on or about January 21, 2012 to on or about June 4, 2012, did intentionally and knowingly (a) with intent to arouse and gratify the sexual desire of petitioner engage in sexual contact with MH, a child younger than 17, by touching the genitals of MH, and this act occurred on more than one occasion; and (b) cause the female sexual organ of MH, a child younger than 14, to contact the sexual organ of petitioner, and this act occurred on more than one occasion. [ECF 9-12

at 6]. A jury found petitioner guilty of the offense as charged and, on June 14, 2013, assessed petitioner's punishment at twenty-six (26) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. [ECF 9-12 at 83].

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. On March 5, 2014, the state intermediate appellate court affirmed petitioner's conviction. *Graves v. State*, No. 07-13-00204-CR. Petitioner sought review of the affirmance of his conviction by filing a petition for discretionary review with the Texas Court of Criminal Appeals. On August 20, 2014, that court refused petitioner's petition. *Graves v. State*, PD-0437-14. Petitioner did not seek further review of his conviction and sentence by filing a petition for a writ of certiorari in the Supreme Court of the United States.

Petitioner filed a state application for habeas corpus relief collaterally attacking his conviction by signing it on January 14, 2015. [ECF 10-4 at 13]. On February 18, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Graves*, No. 82,799-01. [ECF 10-1]. Petitioner filed second and third state applications for habeas corpus relief on January 13, 2017 and October 6, 2017 respectively. *Ex parte Graves*, Nos. 82,799-02, 82,799-03 [ECF 10-6 at 20; 10-10 at 22]. On March 8, 2017 and December 7, 2017 respectively, the Texas Court of Criminal Appeals dismissed those applications as successive. [ECF 10-5; 10-7].

On January 3, 2018, petitioner placed the instant federal application for habeas corpus in the prison mail system, on January 29, 2018, this Court received and filed petitioner's application. Respondent filed her Motion to Dismiss on March 14, 2018.[1]

---

[1] Petitioner was given ample time, including two continuances, to file a reply to respondent's motion to dismiss. Instead of doing so, he filed a motion to appoint counsel on May 3, 2018 and therein re-urged his innocence. [ECF 16].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because his counsel was ineffective for failing to investigate.

## III.
## RESPONDENT'S MOTION TO DISMISS

On March 14, 2018, respondent filed a Motion to Dismiss requesting dismissal of petitioner's habeas application as time-barred. In her motion, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application.

## IV.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## V.
## ACTUAL INNOCENCE

The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). In other words, a credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *Id.* at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)).

A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Although petitioner has not specifically made a claim of actual innocence (although it could be argued he has attempted to do so by way of his motion to appoint counsel [ECF 16]), in an abundance of caution the Court has liberally construed petitioner's claims of failure to investigate as potentially raising this issue. The basis for petitioner's claims of counsel's failure to investigate revolve around his diagnosis of HPV, or genital warts, on March 2, 2007, some five (5) years prior to the commission of petitioner's underlying offense in this case [ECF 1 at 17], as well as "newly discovered evidence," of his diagnosis of herpes on April 11, 2017, some four (4) years after his incarceration. Petitioner appears to claim the fact that the victim did not have these diseases would have raised reasonable doubt at trial and counsel was ineffective for not investigating the existence of these diseases.

Petitioner fails to make the necessary showing of actual innocence. He has not presented any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. In an attempt to come forward with "newly discovered evidence," petitioner cites to his 2017 diagnosis of herpes. Such diagnosis, however, does not mean petitioner had contracted the disease in 2012 at the time he had contact with the victim. Petitioner has put forward no evidence he was inflicted with herpes in 2012 and this "newly discovered evidence" is of no help to him because it does not follow that no fact finder, acting reasonably, would have found petitioner guilty.

In a further attempt to prove actual innocence, petitioner admits that he knew he had HPV in 2007, approximately five years prior to his contact with the victim. Again, however, to the extent petitioner claims the fact that the victim did not contract a sexually transmitted disease proves he could not have been in contact with her, such claim is without merit. Not everyone who comes into contact with an infected person ultimately contracts the disease to which they are exposed to. The

facts presented by petitioner do not demonstrate he is actually innocent of the charged offense; thus, to the extent he makes such a claim it should be denied.

## VI.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on June 14, 2013. Petitioner filed a direct appeal of his conviction with the appropriate state appellate court that affirmed his conviction on March 5, 2014. The Texas Court of Criminal Appeals subsequently denied petitioner's request for PDR on August 20, 2014.

2. Petitioner's judgment of conviction became final on **November 18, 2014**, when the 90-day period to file a petition for writ of certiorari with the U.S. Supreme Court expired. Sup. Ct. R. 13.1; *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **November 18, 2015**, unless statutorily or equitably tolled.

8. Petitioner's first state habeas application, filed **January 14, 2015 and denied February 18, 2015,** statutorily tolled the limitations period for 36 days. Petitioner's second and third state habeas applications were both filed after the **limitations period ended on December 24, 2015** and had no tolling effect.

9. Petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **January 3, 2018** when it was placed in the state prison mailing system, was filed more than two (2) years after the expiration of the statute of limitations and **is time barred**.

11. Assuming petitioner has asserted an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

## VII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed March 14, 2018 [ECF 7], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent be GRANTED and the petition for a writ of habeas corpus filed by petitioner LORENZO CECIL GRAVES be DISMISSED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 14, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\FCR\Graves-24.DNY-SOL-FINDINGS:1